Eli Raider, Esq. (ER2995)
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700
ERaider@gwfglaw.com
*Attorneys for Defendant*
*St Nicholas Realty Associates, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EDWIN ZAYAS, Individually and on Behalf of
All Others Similarly Situated,

                      Plaintiffs,

          -against-

ST NICHOLAS REALTY ASSOCIATES, LLC and
MARISCO CENTRO RESTAURANT, INC,

                      Defendants.

-------------------------------------------------------------x

Hon. J. Paul Oetken, U.S.D.J.

Case No. 1:17-cv-1392

**DEFENDANT ST NICHOLAS
REALTY ASSOCIATES, LLC
ANSWER WITH AFFIRMATIVE
DEFENSES, COUNTERCLAIM
AND CROSS-CLAIM**

## ANSWER TO COMPLAINT

    Defendant St Nicholas Realty Associates, LLC ("Defendant"), by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, as and for its Answer with Counterclaim(s) and Cross-claim(s) to the Complaint of plaintiff Edwin Zayas, individually and on behalf of all others similarly situated ("Plaintiff") respectfully alleges and states:

### NATURE OF THE CASE

    1.    Paragraph "1" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response.  However, to the extent that Plaintiff has alleged any other material allegations, Defendant denies the same.

    2.    Paragraph "2" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response.  However, to the extent that Plaintiff has alleged any other material

allegations, Defendant denies the same.

3.      Paragraph "3" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response.  However, to the extent that Plaintiff has alleged any other material allegations, Defendant denies the same.

## VENUE AND JURISDICTION

4.      Paragraph "4" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response.  However, to the extent that Plaintiff has alleged any other material allegations, Defendant denies the same.

5.      Paragraph "5" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response.  However, to the extent that Plaintiff has alleged any other material allegations, Defendant denies the same.

6.      Paragraph "6" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response.  However, to the extent that Plaintiff has alleged any other material allegations, Defendant denies the same.

7.      Paragraph "7" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response.  However, to the extent that Plaintiff has alleged any other material allegations, Defendant denies the same.

## PARTIES

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of Plaintiff's Complaint.

9.      Based on information and belief, Defendant is a New York domestic limited liability company doing business in New York County.

10.     Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph "10" of Plaintiff's Complaint.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of Plaintiff's Complaint.

## CLASS ACTION

12.    Paragraph "12" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

13.    Paragraph "13" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of Plaintiff's Complaint.

## STATUTORY SCHEME

15.    Paragraph "15" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

16.    Paragraph "16" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

17.     Paragraph "17" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

18.     Paragraph "18" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

19.     Paragraph "19" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

20.     Paragraph "20" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

21.     Paragraph "21" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

22.     Paragraph "22" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material

allegations, Defendant denies same.

23. Paragraph "23" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

24. Paragraph "24" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

25. Paragraph "25" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

## FACTUAL BACKGROUND

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of Plaintiff's Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of Plaintiff's Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of Plaintiff's Complaint.

29. Defendant denies paragraph "29" of Plaintiff's Complaint.

30. Defendant denies paragraph "30" of Plaintiff's Complaint.

31. Defendant denies paragraph "31" of Plaintiff's Complaint.

32.    Defendant denies paragraph "32" of Plaintiff's Complaint.

33.    Defendant denies paragraph "33" of Plaintiff's Complaint.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of Plaintiff's Complaint.

35.    Defendant denies paragraph "35" of Plaintiff's Complaint.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of Plaintiff's Complaint.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of Plaintiff's Complaint.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
## (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)
### (Injunctive Relief)

39.    Paragraph "39" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of Plaintiff's Complaint.

40.    Defendant denies paragraph "40" of Plaintiff's Complaint.

41.    Paragraph "41" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

6

42.     Defendant denies paragraph "42" of Plaintiff's Complaint.

43.     Defendant denies paragraph "43" of Plaintiff's Complaint.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of Plaintiff's Complaint.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "455" of Plaintiff's Complaint.

46.     Paragraph "46" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of Plaintiff's Complaint.

48.     Paragraph "48" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

49.     Defendant denies paragraph "49" of Plaintiff's Complaint.

50.     Defendant denies the allegations set forth in paragraph "50" of Plaintiff's Complaint and respectfully refers the Court to the referenced statute for its terms and import.

(a)     Defendant denies the allegations set forth in paragraph "50(a)" of Plaintiff's Complaint.

(b)     Defendant denies the allegations set forth in paragraph "50(b)" of Plaintiff's Complaint.

(c)     Defendant denies the allegations set forth in paragraph "50(c)" of Plaintiff's Complaint.

(d)     Defendant denies the allegations set forth in paragraph "50(d)" of Plaintiff's Complaint.

(e)     Defendant denies the allegations set forth in paragraph "50(e)" of Plaintiff's Complaint.

(f)     Defendant denies the allegations set forth in paragraph "50(f)" of Plaintiff's Complaint.

(g)     Defendant denies the allegations set forth in paragraph "50(g)" of Plaintiff's Complaint.

(h)     Defendant denies the allegations set forth in paragraph "50(h)" of Plaintiff's Complaint.

(i)     Defendant denies the allegations set forth in paragraph "50(i)" of Plaintiff's Complaint.

(j)     Defendant denies the allegations set forth in paragraph "50(j)" of Plaintiff's Complaint.

51.     Paragraph "51" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

52.     Paragraph "52" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material

allegations, Defendant denies same.

53.     Paragraph "53" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

54.     Paragraph "54" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

55.     Paragraph "55" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

56.     Paragraph "56" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

57.     Paragraph "57" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

58.     Paragraph "58" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute

for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

59.     Defendant denies the allegations set forth in paragraph "59" of Plaintiff's Complaint.

60.     Defendant denies the allegations set forth in paragraph "60" of Plaintiff's Complaint.

61.     Defendant denies the allegations set forth in paragraph "61" of Plaintiff's Complaint.

62.     Defendant denies the allegations set forth in paragraph "62" of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)
### (Injunctive Relief and Damages on Behalf of Plaintiff)

63.     Defendant repeats and realleges each and every allegation contained above in paragraphs "1" through "62" with the same force and effect as if hereinafter set forth at length.

64.     Paragraph "64" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

65.     Paragraph "65" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

66.     Defendant denies the allegations set forth in paragraph "66" of Plaintiff's Complaint.

67.     Defendant denies the allegations set forth in paragraph "67" of Plaintiff's Complaint.

68.     Defendant denies the allegations set forth in paragraph "68" of Plaintiff's Complaint.

69.     Paragraph "69" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute

for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

70.     Paragraph "70" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

71.     Paragraph "71" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW
#### (Statutory Damages on Behalf of Plaintiff)

72.     Defendant repeats and realleges each and every allegation contained above in paragraphs "1" through "71" with the same force and effect as if hereinafter set forth at length.

73.     Defendant denies paragraph "73" of the Plaintiff's Complaint.

74.     Paragraph "74" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

75.     Paragraph "75" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

76.     Paragraph "76" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

## FOURTH CAUSE OF ACTION
### Disability Discrimination in Violations of NYC Human Rights Law 8-107(4)
### (Injunctive Relief and Damages on Behalf of Plaintiff)

77.     Defendant repeats and realleges each and every allegation contained above in paragraphs "1" through "76" with the same force and effect as if hereinafter set forth at length.

78.     Paragraph "78" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

79.     Paragraph "79" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

80.     Paragraph "80" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

81.     Paragraph "81" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material

allegations, Defendant denies same.

82.     Paragraph "82" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

83.     Paragraph "83" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

84.     Paragraph "84" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

### FIFTH CAUSE OF ACTION
**Failure to Reasonably Accommodate in Violation of NYC Human Rights Law 8-107(15)**
**(Injunctive Relief and Damages on Behalf of Plaintiff)**

85.     Defendant repeats and realleges each and every allegation contained above in paragraphs "1" through "84" with the same force and effect as if hereinafter set forth at length.

86.     Paragraph "86" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

87.     Paragraph "87" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute

for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

88.     Paragraph "88" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

89.     Paragraph "89" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of Plaintiff's Complaint.

91.     Paragraph "91" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

92.     Paragraph "92" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

93.     Paragraph "93" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material

allegations, Defendant denies same.

## SIXTH CAUSE OF ACTION
### (Declaratory Relief)

94.     Defendant repeats and realleges each and every allegation contained above in

paragraphs "1" through "93" with the same force and effect as if hereinafter set forth at length.

95.     Defendant denies paragraph "94" of the Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

(A)     Paragraph "A" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(B)     Paragraph "B" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(C)     Paragraph "C" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(D)     Paragraph "D" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(E)     Paragraph "E" of Plaintiff's Complaint contains legal conclusions or statements of

law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(F)     Paragraph "F" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(G)     Paragraph "G" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(H)     Paragraph "H" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(I)     Paragraph "I" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(J)     Paragraph "J" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(K)     Paragraph "K" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

(L)     Paragraph "L" of Plaintiff's Complaint contains legal conclusions or statements of law that require no response and Defendant respectfully refers the Court to the referenced statute for its terms and import, however, to the extent that Plaintiff has alleged any other material allegations, Defendant denies same.

## FIRST AFFIRMATIVE DEFENSE

96.     Plaintiff's claims are barred, in whole or in part, because they fail to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

97.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

98.     Plaintiff lacks standing to bring this action and has failed to properly allege standing.

## FOURTH AFFIRMATIVE DEFENSE

99.     The Complaint is barred, in whole or in part, by Plaintiff's failure to satisfy the statutory and/or administrative prerequisites to bringing an action.

## FIFTH AFFIRMATIVE DEFENSE

100.    Though the Defendant denies that the violations exist, the Plaintiff failed to

provide Defendant with an opportunity to cure the alleged violations without imposing an undue burden on the Defendant.

## SIXTH AFFIRMATIVE DEFENSE

101.     Any nonconforming use of the property is exempt and not covered by the ADA as an existing condition that pre-dates the enactment of the ADA.

## SEVENTH AFFIRMATIVE DEFENSE

102.     Plaintiff has demanded modifications to the property that are not readily achievable, technically infeasible, not required, or that would create an undue burden on Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

103.     Upon information or belief, prior to the commencement of this action, Plaintiff had never been inside the property nor attempted to enter it.

## NINTH AFFIRMATIVE DEFENSE

104.     Upon information and belief, Plaintiff has not been denied full and safe access to all of the benefits, accommodations, and services of the property.

## TENTH AFFIRMATIVE DEFENSE

105.     Plaintiff is not entitled to recover attorneys' fees.

## ELEVENTH AFFIRMATIVE DEFENSE

106.     Plaintiff and/or his counsel failed to conduct a reasonable investigation and filed a Complaint that is frivolous and lacks a factual or legal basis.  Defendant is therefore entitled to recover attorneys' fees and costs pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205.

## TWELFTH AFFIRMATIVE DEFENSE

107.     Some or all of the modifications and relief sought by Plaintiff in the Complaint

are not required by the ADA, NYCHRL, and/or NYSHRL in order to be in compliance with those laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

108.    Defendant has provided accessibility to the extent required by law.   Greater accessibility is not feasible, not required or is excused as provided for by applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

109.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is explicitly denied and merely stated for the purpose of this additional defense) the modification of such barriers is not readily achievable.

## FIFTEENTH AFFIRMATIVE DEFENSE

110.    To the extent Defendant is determined to be liable, it is entitled to indemnity and/or contribution from Defendant MARISCO CENTRO RESTAURANT, INC, based on its actions, inactions, negligence, recklessness, contractual obligations, and/or other conduct, including but not limited to actions alleged in Plaintiff's Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

111.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred because, to the extent architectural barriers alleged by Plaintiff exist (which supposition is explicitly denied and merely stated for the purpose of this additional defense) the barriers are de minimis and/or are within conventional building industry tolerances.

## SEVENTEENTH AFFIRMATIVE DEFENSE

112.   Any auxiliary aids and services alleged to be required would constitute an undue burden as defined in the Treasury Regulations as "significant difficulty or expense" and is not required.

## EIGHTEENTH AFFIRMATIVE DEFENSE

113.   The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

114.   Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred because Defendant has complied with all applicable regulations of the federal, state and city governments.

## TWENTIETH AFFIRMATIVE DEFENSE

115.   Plaintiff  fails to allege facts or a cause of action against Defendant  sufficient to support a claim of attorneys' fees.

116.   Plaintiff is not entitled to damages or attorneys' fees because Plaintiff acted in bad faith by failing to give Defendant notice of alleged violations prior to filing lawsuit, when alleged violations may have been handled in a cost-efficient manner, in a transparent attempt to extract a settlement.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

117.   Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred in whole or part pursuant to 28 C.F.R. 36.403(f) in that any alleged alteration required to conform is disproportionate to the overall alternation, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

118.    The Complaint was not initiated in good faith and is barred by the doctrine of unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

119.    Plaintiff is not entitled to injunctive relief because s/he has failed to show an injury-in-fact or a threat of real and immediate harm.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

120.    The Complaint must be dismissed because Plaintiff has not shown, and does not have, a good faith intent to return to the subject property and patronize its facilities.

121.    Upon information and belief, the Plaintiff lacks standing as s/he is a serial ADA litigant who has and continues to pursue a course of litigation instituted without sufficient grounds and serving only to cause annoyance and expense to this and other similarly situated defendants for the purpose of recovering attorneys' fees under the ADA.

122.    As of the present day, the Plaintiff has instituted in the SDNY the following cases:

(i)      Zayas v. Western Beef Retail, Inc. (1:15-cv-7611-ER);

(ii)     Zayas v. 136 Ninth Avenue Corp. et al (1:16-cv-4175-PGG)

(iii)    Zayas v. 144 Ninth Gotham Pizza, Inc. et al (1:16-cv-4176-GBD)

(iv)     Zayas v. 364 West 19th Street, LLC et al (1:16-cv-4177-GHW)

(v)      Zayas v. Rosington Corp. et al (1:16-cv-6763-LTS)

(vi)     Zayas v. DT Hospitality Group Inc. et al (1:16-cv-6781-GBD)

(vii)    Zayas v. Georgey Inc. et al (1:16-cv-6811-ER)

(viii)   Zayas v. BEC Foods, LLC (1:16-cv-8028-GHW)

(ix)     Zayas v. 301 W 17 LLC et al (1:16-cv-9306-KBF)

(x)      Zayas v. 246-18 Realty, LLC et al (1:16-cv-9307-LAP)

(xi)     Zayas v. 110 Ninth Avenue Corp. et al (1:16-cv-9308-PAE)

(xii)    Zayas v. Hua Da Inc et al (1:16-cv-9493-WHP)

(xiii)   Zayas v. 132 Ninth Avenue LLC et al (1:16-cv-9496-KPF)

(xiv)    Zayas v. Vesdel Food's Inc. et al (1:16-cv-9939-PKC)

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

123.    Upon information and belief, Plaintiff's counsel has brought dozens of similar actions seeking the same relief as in this case and, as such, the case was not brought in good faith.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

124.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred as Plaintiff is not an adequate representative of the proposed class, and there are no others similarly situated as Plaintiff.

## RESERVATION OF ADDITIONAL DEFENSES

125.    Defendant reserves the right to allege additional defenses as they become known during discovery and to amend its answer accordingly.

## COUNTERCLAIM

126.    Defendant has retained the law offices of Goldberg Weprin Finkel Goldstein LLP, and has agreed to pay it a reasonable fee for its services.  Pursuant to 28 U.S.C. § 1927; 42 U.S.C. § 12205 and 42 U.S. Code § 2000a-3(b) (based upon Plaintiff's demand for injunctive relief), Defendant is entitled to recover attorneys' fees and costs incurred in this action in the

event it is deemed a prevailing party in this action, or otherwise demonstrate entitlement to fees under said statutes.

**CROSS-CLAIM AGAINST CO-DEFENDANT**
**MARISCO CENTRO RESTAURANT, INC.**

127.    Marisco Centro Restaurant, Inc. ("Marisco"), as tenant, entered into a lease (the "Lease") with Defendant, as landlord, to operate a restaurant at the premises which is the subject of this action.

128.    The Defendant is in compliance with all obligations under the Lease, which remains in full force and effect as of the date hereof.

129.    Pursuant to the Lease, Marisco was and is responsible for ensuring that the premises complied with certain specified legal requirements, including, among other things, those required under the American with Disabilities Act, if applicable.

130.    Pursuant to the Lease, Marisco agreed to indemnify and hold Defendant harmless from and against claims arising out of certain acts and omissions, such as those categories that are the subject of this action.

131.    Pursuant to the Lease, Marisco was and is obligated to provide a defense to Defendant against this action.

132.    Upon a breach of Marisco to indemnify, defend and/or hold Defendant harmless, Marisco is additionally liable under the Lease to pay Defendant's reasonable attorneys' fees and disbursements incurred.

133.    To date, Marisco has declined and refused to indemnify Defendant and to provide a defense to the within action and is in breach of said obligations.

134.    By reason of the foregoing, if it is found that the answering Defendant is liable, in whole or in part, to the Plaintiff herein, which liability is expressly denied, then the Defendant is

entitled to indemnification from and against Marisco, for any judgment or other relief that the Plaintiff may recover against the Defendant, in addition to Defendant's reasonable attorneys' fees and disbursements in defense of this action.

**WHEREFORE**, Defendant St Nicholas Realty Associates, LLC respectfully requests that the Court enter judgment in its favor:

A. Dismissing the Complaint in its entirety, and granting the costs and disbursements of this action, or, in the alternative, granting the Defendant judgment over and against, and indemnity, from Marisco, for loss or damage incurred by Defendant if any, in connection with the within action, and

B. That the Court issue an award of counsel fees, costs, and disbursements against the Plaintiff, and

C. That the Court issue an award of counsel fees, costs, and disbursements against Marisco by reason of Marisco's breach of its duty to   defend and indemnify Defendant, and

D. That the Court award the Defendant such other relief as the Court may deem appropriate and just.

Dated:       New York, New York
             April 7, 2017

                              GOLDBERG WEPRIN FINKEL
                              GOLDSTEIN LLP


                              By: ___s/Eli Raider_____
                                    Eli Raider, Esq. (2995)
                                    *Attorneys for Defendant*
                              St Nicholas Realty Associates, LLC
                              1501 Broadway – 22nd Floor
                              New York, New York 10036
                              (212) 221-5700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date the within Answer with Affirmative Defenses,

Counterclaim(s) and Cross-claim(s) were served through the Court's CM/ECF system on the

following counsel of record:

LAW OFFICES OF JAMES E. BAHAMONDE, P.C.
Attn:  James Bahamonde
2501 Jody Court
North Bellmore, NY 11710

And upon the following:

Marisco Centro Restaurant, Inc.
1490 Saint Nicholas Avenue
New York, New York 10033

Dated: New York, New York                     By: ___s/Eli Raider_____
April 6, 2017